UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ALTON DAVIS,

Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION OR MODIFICATION**

06 Cr. 911 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Alton Davis moves for a sentence reduction or modification pursuant to 18 U.S.C. § 3582(c)(2), arguing he is entitled to relief under the First Step Act, and based on his post-sentence rehabilitative efforts. I deny the motion without the need for opposition from the government.

Following a 2010 jury trial before Judge William H. Pauley, Defendant was found guilty of one count of conspiracy to commit Hobbs Act robbery, two counts of attempted Hobbs Act robbery, two counts of using a firearm in furtherance of a crime of violence, two counts of using a firearm during a crime of violence that resulted in the death of another person, and one count of conspiracy to distribute marijuana. *See* ECF Nos. 206, 213. Judge Pauley sentenced Defendant to life imprisonment. *See* ECF Nos. 206, 213. The Court of Appeals affirmed the judgment. *See* ECF No. 234. On August 3, 2021, following Judge Pauley's untimely death, Defendant's case was transferred to me. After the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), I vacated the four firearm counts and resentenced Defendant to 60 years' imprisonment. *See* ECF Nos. 427, 435. The Second Circuit affirmed the amended judgment. *See* ECF No. 452.

Section 3582(c)(2) authorizes a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Defendant identifies no retroactive amendment that lowers his applicable Guidelines range.

Defendant's motion relies in part on the First Step Act of 2018 and his prior conviction under 18 U.S.C. §§ 924(c) and 924(j). *See* ECF No. 450. While Defendant was originally convicted of four firearm offenses under those statutes, *see* ECF Nos. 206, 213, those convictions were vacated in light of *United States v. Taylor*, as noted above. *See* ECF Nos. 427, 435. Defendant's Amended Judgment does not include 18 U.S.C. §§ 924(c) or 924(j). *See* ECF No. 427. Accordingly, the First Step Act provides no basis to reduce Defendant's current sentence.

Defendant also argues he is entitled to a three-level reduction under U.S.S.G. § 2X1.1. Defendant's argument was raised and rejected on his appeal from the amended judgment. The Second Circuit held that "[b]ased on the evidence in the record, which clearly showed that Davis performed all the acts necessary to complete the robberies, the district court did not err – much less plainly err – in declining to reduce Davis's offense level under § 2X1.1(b)." ECF No. 452 at 6–7. Defendant is not entitled to a reduction or modification on that basis.

Additionally, Defendant moves for reduction or modification in sentence on the basis that he has completed education and vocational programming and engaged in self-improvement while incarcerated. The Court commends Defendant's reported rehabilitative efforts. However, because Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), those considerations do not provide an independent basis for relief. *See* 18 U.S.C. § 3582(c)(2).

Finally, to the extent Defendant's motion may be construed as seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), relief is also unwarranted. Defendant has not demonstrated "extraordinary and compelling" reasons warranting a reduction in sentence, apart from his rehabilitative efforts, which "'*alone* shall not be considered an extraordinary and compelling reason.'" *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (emphasis in original) (quoting 28 U.S.C. § 994(t)). Moreover, consideration of the factors set forth in 18 U.S.C. § 3553(a), including the nature and seriousness of Defendant's offenses and the need for the sentence imposed to provide just punishment and adequate deterrence, independently weighs against any further reduction of Defendant's sentence. Accordingly, compassionate release is not warranted.

In a separate informal letter, Defendant raises concerns regarding his max-custody status, the Bureau of Prisons' reliance on allegations underlying Special Administrative Measures, and his medical care at USP Hazelton. *See* ECF No. 448. These concerns relate to the execution of Defendant's sentence and the conditions of his confinement and therefore are not properly raised in this criminal case. Defendant may pursue available relief in an appropriate proceeding in the district of his confinement. *See* 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Nothing in this Order forecloses Defendant from pursuing such relief.

For the aforementioned reasons, Defendant's motion for sentence reduction or modification is denied. The Clerk shall terminate ECF No. 450.

SO ORDERED.

Dated: August 17, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge